# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PANAGOITIS SKORDALOS, #42355-037 | * |
| | *   Civil Action No.  RDB-13-3533 |
| Petitioner, | *   Criminal Action No. RDB-06-107 |
| v | * |
| UNITED STATES OF AMERICA | * |
| Respondent. | * |

## MEMORANDUM OPINION

Pending is self-represented Petitioner Panagoitis Skordalos' Petition for a Writ of Error Audita Querela under 28 U.S.C. § 1651. Petitioner requests a "correction" of his sentence based on *Descamps v. United States*, ___ U.S. ___ , 133 S. Ct. 2276 (2013) and *United States v. Hemingway*, 734 F.3d 323, ___ , No. 12–4362, 2013 WL 5833283 (4th Cir. 2013). (ECF No. 1 at 1, 4-5).

## BACKGROUND

On July 17, 2006, Skordalos pled guilty to being a felon in possession of a firearm in violation of 28 U.S.C. § 922(g)(1). On October 6, 2006, this Court determined that Skordalos qualified as an armed career criminal based upon his prior convictions for resisting arrest and accessory after the fact to murder and sentenced him to 180 months of imprisonment and three years of supervised release. On April 25, 2008, Skordalos filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence. This Court denied the Motion on January 15, 2009.

# DISCUSSION

At common law, the Writ of Audita Querela "permitted a judgment debtor to obtain equitable relief from a legal judgment because of some defense or discharge arising after the entry of judgment." *United States v. Valdez–Pacheco,* 237 F.3d 1077, 1079 (9th Cir. 2001) (per curiam) (citation omitted). As a common law writ, it was abolished by the Federal Rules of Civil Procedure, but survives in the criminal context under the All Writs Act, 28 U.S.C. 1651(a). *Id.*

The All Writs Act, 28 U.S.C. § 1651(a), provides "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Act is a "residual source of authority to issue writs that are not otherwise covered by the statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (citation omitted). Thus, the Writ of Audita Querela is "not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *In re Moore*, 487 F. App'x 109 (4th Cir. 2012) (unpublished) (citing *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002), and *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to § 2255)); *see also Valdez–Pacheco*, 237 F.3d at 1080 ("We agree with our sister circuits and conclude that a federal prisoner may not challenge a conviction or a sentence by way of a petition for a writ of audita querela when that challenge is cognizable under § 2255 . . . .").

Petitioner's prior lack of success in obtaining collateral relief under § 2255 does not alter this analysis. *See Carrington v. United States*, 503 F.3d 888, 890 (9th Cir. 2007) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-

conviction landscape that can be filled with the common law writs."); s*ee also Valdez–Pacheco*, 237 F.3d at 1080 ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs.").[1]  Accordingly, the Petition will be denied.

## CONCLUSION

For the foregoing reasons, this Court finds no grounds to grant the Writ.  This Petition will be denied by separate Order to follow.


  February 10, 2014                                                                              /s/
Date                                                                                  RICHARD D. BENNETT
                                                                                      UNITED STATES DISTRICT JUDGE

---

[1] Petitioner's objection to recharacterizing his Petition for Writ of Error Audita Querela without prior notice (ECF No. 2) is based on his misunderstanding of a clerical matter.  This Court did not recharacterize the Petition, and it was considered as filed.  Notably, *Castro v. United* States, 540 U.S. 375, 383 (2003), requires notice only "when a court recharacterizes a pro se litigant's motion as a first § 2255 motion.